The Chief Jtstice
delivered the opinion of the court.*
This yvas an action of covenant brought by Schoal’s executor against Bealle’s administrator, upon the following instrument of writing: — “Whereas I, Walter Bealle, bath “this day sold unto Thomas Schoal two half acre lots in “Bardstown, the sanie on which the house now occupied “by Joshua Wilson as a school or academy. It is agreed, “between the said Schoal and myself, that the said house is i‘to be delivered up to him, the said Schoal, on Saturday “evening next, in the same good order that it was received “by the said Wilson; if not, that the said Schoal is to have “all damages that shall be adjudged for the damages done “said house. Witness my hand and seal this 4th day of “November, 1805.
“WALTER BEALLE, (seal.)”
The declaration, after setting forth the instrument, al-ledges breaches thereof, in the non-conveyance of the lots, and in the failure to deliver possession of the house according to the terms of the instrument. The defendant da* *476 murred to the declaration, and the demurrer being argued and overruled, he filed two pleas, 1st, that he was not the a[¡(ljjn¡stralor 0f Bealle; 2d, covenants performed. On each of these pleas an issue was joined, and the cause was continued. At a subsequent term the defendant offered to file an additional plea, but the plaintiff objecting to his doing so, the court refused to permit the defendant to file the plea, and he excepted. The cause was then tried, and a verdict and judgment being rendered for the plaintiff, the defendant has appealed to this court.
A covenant reciting ⅛a» tor AnTsoW someioú,im-piies a covenant ⅛ con vev, not that he has con-yeyed
Acovenant \!te, k, Wuy OT If:G' tat, is litjatory as ITiv tiie agree-merit.
A defend’t ydiilst mak-a right to file asmany issuable pieas as he thinks proper, but after issue joined and the cause continued, he ceases to possess that right at the m xt term, to permit or refuse such pieas is then discretionary with the court, and its exercise (un: less much abused) will not be revt sed.
*476 The first and principal point relied on, relates to the sufficiency of the declaration. It is contended by the appel-^ant’ that instrument declared on contains no covenant on the part of Bealle to convey the lots, and of course, that the breach alledged in the non-conveyance gives no cause of t¡on>
lhe instrument is certainly not as explicit as it might have been; but we think the recital by Bealle, that he “bath this day sold unto Thomas Schoal two half acre lots” must be construed to amount to a covenant to convey the lots. .Whatever may be the acceptation of the term sold, when used in a technical sense, it is clear, that in its popular acceptation it implies, when used in relation to real estate, that there was a contract to convey. And hence we bear it said every day, not only by the unlearned, but by the learned, that a man has '■'■sold and convoyed,” or that he has ’■'■sold, but has not conveyed.’’’’ Thus plainly using the terms sold and conveyed, as contradistinguished from each other, and referring, by the former, to the executory, and by the latter to the executed contract. When, therefore, Bealle says he had sold, be must be understood to mean that he liad agreed to convey, and not, as was contended by bis counsel, that he had conveyed. Nor is it an availing ob-iection that the agreement is contained only in the recital v , /*> • i r> k . • the instrument; tor the recital ot an agreement in a deed will create a covenant, upon vvhich aii action of covenant will lie, as well as if it had been contained in thebo-of the deed. Esp. N. Pruis, 288.
We are therefore of opinion that the breach is well assigned, and that the declaration is sufficient.
The next point presented in the case, relates to the re-fHSa] 0f ⅛ circuit court to permit the defendant lo file a third plea.
Whether the plea offered was a good or a bad one, wp *477 'liave not thought it material to enquire; for be that as it may, the defendant had not, as a matter of law, a right, at that stage of the cause, to file it: as long as he had a right to plead, he might plead as many several matters, either of law or fact, as he chose, but after he had once exercised that right, and issues, both of law and fact, had been joined, and the cause had been continued, he could not, as a matter of right, insist upon filing an additional plea at a subsequent term. It then became a matter of discretion with the court to permit or to refuse it, and what is matter of discretion cannot, unless in the case of flagrant abuse, be a subject of revision and correction in this court.
If the damages found are greatqr than those laid, the excess must bp released bs-fore judgm't, or not at all.
The only other point which we deem material to notice, grows put of the circumstance that the verdict and judgment are for more than the amount of damages laid in the writ and declaration.
This is undoubtedly erroneous. The error might, indeed, have been corrected by the plaintiff’s remitting the excess before judgment, and taking judgment for the residue only; but it cannot be done as was attempted in this case by releasing the excess after judgment&emdash;for the judgment being erroneous, cannot be corrected by the act of the party himself. ■
The judgment must therefore be reversed with costs, and the cause remanded, that the plaintiff' may, if he should choose to do so, enter a release of the excess of damages found by the jury beyond those laid in the writ and declaration, and that a judgment may be entered up for the residue.

Absent, jvdoe Rowah.